IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC WEISS *o/b/o Kristina Marie Bair*, <br><br> Plaintiff, <br> v. <br><br> NANCY BERRYHILL, *Acting Commissioner of Social Security*, <br> Defendant. | No. 4:16-CV-1333 <br><br> (Judge Brann) <br><br><br> (Magistrate Judge Arbuckle) |

# ORDER

**OCTOBER 24, 2018**

This matter is an action for social security benefits which have been denied by both the Acting Commissioner of Social Security and prior to that, by an administrative law judge. Plaintiff filed the instant action on June 29, 2016, and it was jointly assigned to the undersigned and to a magistrate judge.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2] On October 4, 2018 Magistrate Judge William I. Arbuckle, to whom

---

[1] 28 U.S.C. 636(b)(1)(B).

[2] 28 U.S.C. 636(b)(1).

this matter is jointly assigned, issued a thorough report and recommendation recommending that I vacate the decision of the Commissioner of Social Security denying Plaintiff social security benefits and remand the matter for a rehearing.

The Commissioner filed objections to the report and recommendation on October 18, 2018.  When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[4]  For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

---

[3]   28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011).

[4]   *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5]   Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[6]   28 U.S.C. § 636(b)(1); Local Rule 72.31.

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge, in as far as his recommendation was to vacate and remand. The magistrate judge also suggested that in the alternative, I vacate and award benefits. I do not find this to be an extraordinary case where a direct award of benefits is necessary.

I have conducted a de novo review here and found no error. The matter should be recommitted to the Commissioner as set forth in the report and recommendation.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge William I. Arbuckle's October 4, 2018 Report and Recommendation, ECF No. 18, is **ADOPTED in part**.
2. The decision of the Commissioner of Social Security is **VACATED** and **REMANDED**.
3. Final Judgment is entered in favor of Plaintiff and against Defendant pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405 (g).
4. The Clerk is directed to close the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
